GOGLE *v.* DREGER.

DEEDS—DESCRIPTION OF PREMISES.

  A deed describing the land conveyed as bounded on the north
  by the lands of W. and N., on the east by the land of S.,
  and on the west by a quarter-section line, does not include a
  strip lying between the lands of W. and N., and immediately
  south of a north and south highway further dividing their
  premises.

Error to Berrien; Coolidge, J. Submitted April 5, 1901. Decided July 19, 1901.

Trespass *quare clausum* by John Gogle against Ludwig Dreger. From a judgment for plaintiff, defendant brings error. Affirmed.

*Gore & Harvey* and *Edward Bacon*, for appellant.

*O'Hara & O'Hara*, for appellee.

MONTGOMERY, C. J. Trespass *quare clausum.* The strip of land here in question lies in the village of Dayton, south of the south end of Maple street, which is two rods wide, and the strip in question is four rods north and south by two east and west. In 1874 the land immediately west of it was owned by August Wentland, and that immediately east by William A. Neal. The land owned by both these parties extended north, abutting on Maple street. Reynolds, who owned the strip in question in 1874, conveyed, at that time, to Smith, land bounded on the north by the lands of Wentland, Neal, and Smith, on the east by land of Smith, Hoag, and Allen, and on the west by the north and south center line of section 7. The east and west boundaries named in the deed do not indicate that any part of the land conveyed is bounded on the east by Neal's land, or on the west by Wentland's land. Went-

land, at that time, had a fence along the south boundary
of the strip in question, and used the' south end of the
strip as a barnyard.   Defendant claims title to the strip in
question, or, at least, a right of way over it, through this
deed.   Plaintiff was in possession at the time of the alleged
trespass.   Plaintiff recovered a judgment for nominal
damages.

We think that, as a matter of law, the deed from Rey-
nolds to Smith failed to describe the strip in question, or
convey any title to it or right of way over it, as it did not
give the east and west boundaries of it, and that plaintiff,
having possession at the time of the trespass, was entitled
to a verdict.   Therefore no error has been committed to
defendant's prejudice, and the judgment will be affirmed.

The other Justices concurred.